```
 1   STATE OF ILLINOIS    )
                          )   SS:
 2   COUNTY OF C O O K    )

 3      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
           COUNTY DEPARTMENT - CRIMINAL DIVISION
 4
     THE PEOPLE OF THE STATE  )
 5   OF ILLINOIS,             )
                              )
 6              Plaintiff,    )
                              )   No.  18 CR 00408-01
 7     vs.                    )
                              )
 8   JEREMIAH SCOTT,          )
                              )
 9              Defendant.    )

10              REPORT OF PROCEEDINGS had at the hearing

11   in the above-entitled cause before the HONORABLE

12   DENNIS J. PORTER, Judge of said court, on the 6th

13   day of SEPTEMBER, 2018.

14      PRESENT:

15          MRS. KIMBERLY M. FOXX,
            State's Attorney of Cook County, by:
16          MS. PATRICIA MELIN,
            Assistant State's Attorney,
17              appeared on behalf of the People;

18          MR. PETER LEWIS,
                appeared on behalf of the Defendant.

19

20

21

22   DORLISA BRYANT
     OFFICIAL COURT REPORTER
23   CIRCUIT COURT OF COOK COUNTY
     CRIMINAL DIVISION
24   CSR #084-003048

                          1
```

1    THE CLERK:  People versus Jeremiah Scott.

2    MR. LEWIS:  Good morning, Your Honor.

3    MS.  MELIN:  Judge, we made an offer on this

4  case for the first offender gun probation with the

5  required --

6    THE COURT:  Does he want that?

7    MR. LEWIS:  That is correct, Your Honor.  That

8  is our understanding.

9    THE COURT:  That's on Count 1?

10    MS.  MELIN:  Yes.

11    THE COURT:  Is it two years?

12    MS.  MELIN:  Yes.

13    THE COURT:  Is that your understanding of the

14  plea agreement, Mr. Scott?

15    MR. SCOTT:  Yes.

16    THE COURT:  Is that acceptable to you?

17    MR. SCOTT:  Yes.

18    THE COURT:  Mr. Scott, Count 1 you're charged

19  with aggravated unlawful use of a weapon on

20  December the 12th of 2017 in that you knowingly

21  carried on or about your person a pistol, revolver

22  or handgun at a time when you weren't on your own

23  land, your own abode, legal dwelling or affixed of

24  business or on the land or legal dwelling of

2

1  another person invited there with that person's

2  permission and the pistol, revolver or handgun

3  possessed was uncased, loaded and immediately

4  accessible at the time of the offense and you

5  didn't have a currently valid license under the

6  Firearm Conceal-Carry Act and you hadn't been

7  issued a currently valid firearm firearm owner's

8  identification card.  Do you understand what you're

9  charged with?

10       MR. SCOTT:  Yes.

11       THE COURT:  How do you wish to plead to this

12  charge?

13       MR. SCOTT:  Guilty.

14       THE COURT:  By pleading guilty to this charge,

15  it being a Class 4 felony, on this charge if you

16  are convicted you must be sentenced to the

17  penitentiary for a period of not less than 1 year,

18  no more than 3 years.  If you are sentenced to the

19  penitentiary when you get out would have the term

20  of mandatory supervised release of 1 year to do,

21  that is what they used to call parole.  In other

22  words, you're on parole for a year when you get

23  out.

24            You could also be fined up to $25,000.

3

1    Those are ordinarily the possible penalties on this

2    charge.  How old are you?

3        MR. SCOTT:  20.

4        THE COURT:  So there's a first time weapon

5    offender program you can be placed on.  Under that

6    you can be placed on probation for up to two years.

7    At the end of that time if you have not violated

8    your probation and you comply with the other

9    requirements of it, including 50 hours of community

10   service, one of the things, at that time the

11   charges would be dismissed, you would not have the

12   conviction on your record; do you understand?

13       MR. SCOTT:  Yes.

14       THE COURT:  Do you still wish to plead guilty?

15       MR. SCOTT:  Yes.

16       THE COURT:  Now, if you violate the terms of

17   this probation, this fist offender weapon offender

18   program, you just bought yourself a bus ticket to

19   the penitentiary simple as that; do you understand?

20       MR. SCOTT:  Yes.

21       THE COURT:  Do you still want to plead guilty?

22       MR. SCOTT:  Yes.

23       THE COURT:  By pleading guilty you're giving up

24   your right to a jury trial.  A jury trial is where

| | |
|---|---|
| 1 | 12 people who are either registered voters or they |
| 2 | have driver's licenses or they have State of |
| 3 | Illinois identification cards, these people are |
| 4 | picked out of a group by your lawyer and the |
| 5 | State's Attorney's.  These people come into the |
| 6 | courtroom, listen to the trial and they decide if |
| 7 | the State proved you guilty beyond a reasonable |
| 8 | doubt.  In other words, the jury would say guilty |
| 9 | or not guilty.  Do you understand what a jury trial |
| 10 | is? |
| 11 | MR. SCOTT:  Yes. |
| 12 | THE COURT:  Do you have any questions you want |
| 13 | to ask me about what a jury trial is? |
| 14 | MR. SCOTT:  No. |
| 15 | THE COURT:  Do you understand by signing this |
| 16 | piece of paper you're giving up your right to a |
| 17 | jury trial? |
| 18 | MR. SCOTT:  Yes. |
| 19 | THE COURT:  Jury waiver will be accepted.  Also |
| 20 | by pleading guilty you're also giving up your right |
| 21 | to a bench trial, and that is a trial by the Court, |
| 22 | by me.  You're not going to a have a trial of any |
| 23 | kind by pleading guilty; do you understand that? |
| 24 | MR. SCOTT:  Yes. |

5

1      THE COURT:  Since you're not having a trial

2   you're giving up the rights you would have at a

3   trial.  Now, at any trial you would have the right

4   to be present in the courtroom at the time of the

5   trial, you would have the right to look the

6   witnesses in the eye while they were testifying,

7   you would have the right to have your lawyer ask

8   them questions about what they said, but since

9   there's not going to be a trial there's not going

10  to be any witnesses so you can't do that.

11      At a trial you would have the right to

12  call witnesses in your own defense.  If these

13  people didn't want to come in here I can make them

14  come in here.  I can't make them say what you want

15  them to say once they are here but I can get them

16  in here.

17      At a trial you would have the right to

18  testify in your own defense.  That means under oath

19  you can get up there on the witness stand and tell

20  me your side if you wanted to.  At a trial you

21  would also have the right to just sit over at that

22  table, say nothing, do nothing and make the State

23  prove its case against you beyond a reasonable

24  doubt.

6

```
1              Do you understand you're giving up each of

2      those rights by pleading guilty?

3          MR. SCOTT:  Yes.

4          THE COURT:  Do you have any questions you want

5      to ask me about your rights?

6          MR. SCOTT:  No.

7          THE COURT:  How old are you?

8          MR. SCOTT:  20.

9          THE COURT:  How far did you go in school?

10         MR. SCOTT:  High school.

11         THE COURT:  Anybody force you to plead guilty?

12         MR. SCOTT:  No.

13         THE COURT:  Anyone threaten you to make you do

14     it?

15         MR. SCOTT:  No.

16         THE COURT:  Anyone promise you anything to get

17     you to plead guilty other than this agreement you

18     have with the State?

19         MR. SCOTT:  No.

20         THE COURT:  Have you talked to your lawyer

21     about your case?

22         MR. SCOTT:  Yes.

23         THE COURT:  Are you satisfied with his

24     representation?
```

1       MR. SCOTT:  Yes.

2       THE COURT:  Do you understand you have the

3  right to continue to plead not guilty and to demand

4  a trial, you can't force the State to give you a

5  trial on this charge; do you understand that?

6       MR. SCOTT:  Yes.

7       THE COURT:  Do you understand I'm not a party

8  to your agreement, I don't have to follow it, I

9  could still sentence you to anything within that

10  range of sentences that I told you at the beginning

11  of the plea even though you had this agreement with

12  the State?  Do you understand that?

13       MR. SCOTT:  Yes.

14       THE COURT:  Facts, State.

15       MS.  MELIN:  If this case were to proceed to

16  trial, the evidence would show that on December 12,

17  2017 during the afternoon hours Chicago police were

18  on patrol in the 5900 block of West Madison; the

19  defendant would be identified in open court as one

20  of the individuals standing in that vicinity; one

21  of the officers noted that the defendant was

22  holding his waistband in a suspicions manner.

23            The officer parked the vehicle and got

24  out.  At that time the defendant while holding his

8

1    waistband started to run through an alley.  He was

2    chased through the alley and the officer observed

3    the defendant remove from his waistband a firearm

4    which he dropped to the ground.  That was recovered

5    and found to be a loaded handgun.

6            It is further stipulated that as of

7    December 12, 2017 the defendant did not have a

8    valid firearm owner's identification card nor a

9    conceal-carry license.  So stipulated?

10       MR. LEWIS:  So stipulated that would be the

11   testimony presented, Your Honor.

12       THE COURT:  Mr. Scott, after everything I've

13   said do you still want to plead guilty to the

14   charge of aggravated unlawful use of a weapon?

15       MR. SCOTT:  Yes.

16       THE COURT:  I find defendant understands the

17   nature of the charges against him, the possible

18   penalties under the law and his rights under the

19   law.  I further find he wishes to waive those

20   rights and enter a plea of guilty to the charges

21   indicated.  I also find there's a factual basis for

22   the plea.  There will be a plea of guilty, jury

23   waived and sentencing will be deferred.

24           Do you understand you have the right to

9

1  have a pre-sentence investigation done by the

2  Probation Department?  This is a written report

3  which tells me about you, it tells me your school

4  record, work record, social background, tells me

5  about any criminal record that you have.  Since you

6  have this agreement you can skip that, you don't

7  have to wait for it.

8          Do you understand by signing this piece of

9  paper you're giving up your right to that report?

10     MR. SCOTT:  Yes.

11     THE COURT:  Pre-sentence will be waived.  Is

12  there anything you want to say in aggravation,

13  State?

14     MS. MELIN:  Nothing, Your Honor. .

15     THE COURT:  Mitigation?

16     MR. LEWIS:  Your Honor, Mr. Scott has no

17  publishable background and he is currently

18  employed.  He will be able to take advantage of

19  this opportunity.

20     THE COURT:  Mr. Scott, do you have anything you

21  want to tell me before I sentence you?

22     MR. SCOTT:  No.

23     THE COURT:  I'll go along with the agreement.

24  Defendant will be sentenced to 2 years probation

10

1   under the first time weapon offender program, do 50

2   hours community service.  It will be motion State

3   nolle Counts 2, 3, 4, 5, 6, 7 and 8.

4        MR. LEWIS:  Defendant demands trial.

5        THE COURT:  Defendant demands trial on those

6   counts.  Costs assessed against the defendant.  Did

7   you make bond the same date you got arrested?

8        MR. SCOTT:  Yes.

9        THE COURT:  Defendant is credited with five

10   dollars toward fines and quash and re-call all

11   warrants previously issued on this case as to this

12   defendant only.

13        Mr. Scott, you have the right to appeal

14   the judgment and sentence of the Court even though

15   you plead guilty.  To do that, though, you first

16   have to file with the Clerk of the Court a piece of

17   paper called a motion to withdraw your plea of

18   guilty.  This will be asking me to let you take

19   back your plea and if I let you do that it makes it

20   like your plea never happened.

21        Now, any motion to withdraw your plea of

22   guilty would have to be made in writing and it

23   would have to be signed by you, it would have to

24   state each and every reason that you would like to

11

1    rely on in your appeal and it would have to be

2    filed within 30 days from today's date, otherwise

3    your right to appeal is gone forever; do you

4    understand that?

5        MR. SCOTT:  Yes.

6        THE COURT:  If you couldn't afford an attorney

7    for that I would appoint one for you and I'd give

8    you a free transcript of this proceeding; do you

9    understand that?

10        MR. SCOTT:  Yes.

11        THE COURT:  If I were to grant your motion to

12    withdraw your plea of guilty then any charges that

13    were dismissed or reduced as a part of your plea

14    agreement, there are seven of them, they'd be

15    reinstated at the request of the State, you'd then

16    go to trial on all the charges; do you understand

17    that?

18        MR. SCOTT:  Yes.

19        THE COURT:  You also have the right to make a

20    motion to reconsider your sentence within 30 days

21    of today's date, once again this has to be filed

22    with the Clerk within that period of time, and if

23    you couldn't afford an attorney for that I would

24    appoint one for you as well.  However because this

1    is an agreed plea in your case if you do try to

2    change the sentence in any way you would also have

3    to file a motion to withdraw your plea of guilty,

4    you couldn't do the one without the other; do you

5    understand?

6         MR. SCOTT:  Yes.

7         THE COURT:  While you're probation it's a

8    condition of your probation, one, that you report

9    to your probation officer and two, that you do not

10   commit another crime, three, that you do these 50

11   hours of community service among other things.

12   Failure to do these things could result in a

13   violation of your probation.  If I find you

14   violated your probation I could then re-sentence

15   you or I would actually have to re-sentence you to

16   anything I could have sentenced you to today

17   including up to 3 years in the penitentiary; do you

18   understand?

19        MR. SCOTT:  Yes.

20        THE COURT:  If you have an emergency that's

21   going to interfere with your reporting, like you're

22   sick or something in the hospital, as soon as you

23   can you'll let the probation officer know what the

24   problem is; you work it out, you don't just blow it

13

```
 1    off, do you understand?

 2        MR. SCOTT:  Yes.

 3        MR. LEWIS:  For the record Peter Lewis,

 4    L-E-W-I-S, on behalf of Mr. Scott.

 5                    (Which were all the proceedings had

 6                    in the above-entitled cause.)

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

```
 1   STATE OF ILLINOIS    )
                          ) SS
 2   COUNTY OF C O O K    )

 3

 4              I, Dorlisa Bryant, an Official Court

 5   Reporter for the Circuit Court of Cook County,

 6   County Department-Criminal Division, do hereby

 7   certify that I reported in shorthand the evidence

 8   had at the above-entitled cause and that the

 9   foregoing is a  true and accurate transcript of the

10   evidence heard before the Honorable DENNIS J.

11   PORTER, Judge of said court.

12

13
                              Dorlisa Bryant
14             _____
               DORLISA BRYANT
15             Official Court Reporter
               #084-003048
16

17

18   Dated this 1th day

19   of JUNE, 2020.

20

21

22

23

24

                            15
```