UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 20 CR 267 |
| v. | Judge Martha M. Pacold |
| JEREMIAH J. SCOTT | |

## GOVERNMENT'S CONSOLIDATED MOTIONS IN *LIMINE*[1]

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL,

Acting United States Attorney for the Northern District of Illinois, respectfully moves

*in limine* to: (1) admit evidence of defendant's prior conviction; (2) preclude inquiry

into officers'/agents' non-sustained complaints; (3) permit the government to impeach

defendant with his prior conviction, if he testifies; (4) preclude evidence or argument

relating to an alibi; (5) preclude evidence and argument designed to elicit jury

nullification; (6) preclude discovery requests or commentary regarding discovery in

the presence of the jury; (7) require parties to provide notice prior to impeachment

under Federal Rule of Evidence 608(b); (8) preclude argument defining reasonable

doubt; and (9) order the United States Marshals Service to bring the firearm at issue

to the courthouse for trial. The government contacted defense counsel to determine

defendant's position on these motions, but as of the time of this filing, has not heard

back.

---

[1] For purposes of efficiency and ease of reference, the government has filed its motions *in limine* in a single document. No single motion herein exceeds the 15-page limit as imposed by the Local Rules.

**INTRODUCTION**

As alleged in the indictment, on May 31, 2020, defendant unlawfully possessed a firearm after being convicted of, and knowing that he had been convicted of, a felony, in violation of 18 U.S.C. § 922(g)(1). The events that led to defendant's arrest on that day are as follows.

During the final days of May 2020, the City of Chicago experienced a period of civil unrest, which required the Mayor of Chicago to institute various curfews and which caused several businesses to close during normal working hours. During this period of time, on May 31, 2020, Chicago Police officers responded to a call of looting and shooting in progress at or near 5558 W. North Avenue, in Chicago, Illinois. When the officers arrived at 5558 W. North Avenue, they observed that the glass on the front door of the liquor store located at that address had been broken and that the metal bars on the outside of the door had been removed. When the officers arrived, the store was closed for business. As the officers continued their investigation, they saw defendant (and others) inside the store. The officers instructed defendant to exit the store. Defendant did not comply with the officers' instructions, and instead attempted to flee from the officers.

Officer Timothy Vasiliadis, one of the responding officers, attempted to place defendant in custody. Defendant responded by attempting to tackle Officer Vasiliadis by grabbing his legs. Officers then conducted an emergency take down on defendant and ultimately placed defendant in custody. Thereafter, officers conducted a custodial search of defendant and found a loaded black Sig Sauer P250 semiautomatic handgun

2

bearing serial number 57C008234 and an extended magazine in defendant's groin area.

### I. MOTION TO ADMIT EVIDENCE OF PRIOR CONVICTION TO ESTABLISH DEFENDANT'S KNOWLEDGE THAT HE WAS CONVICTED OF A CRIME PUNISHABLE BY A TERM OF IMPRISONMENT EXCEEDING ONE YEAR

The government seeks to admit evidence related to defendant's prior felony conviction for aggravated unlawful use of a weapon from December 2017, for which he was sentenced to two years' probation, to establish defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and to establish defendant's knowledge that he was convicted of a crime punishable by a term of imprisonment of more than one year. The government should be permitted to introduce evidence of defendant's prior conviction because defendant's prior conviction is "direct evidence of the crime charged," and therefore, Federal Rule of Evidence 404(b) does not apply. *United States v. Ferrell*, 816 F.3d 433, 443 (7th Cir. 2015).

Rule 404(b) prohibits evidence of a defendant's "crimes, wrongs, or acts if the purpose is to show" the defendant's "propensity to behave in a certain way," *United States v. Gomez*, 763 F.3d 845, 855 (7th Cir. 2014) (*en banc*), that is, "as proof of his propensity to commit the charged offense." *United States v. Lee*, 724 F.3d 968, 975 (7th Cir. 2013). "The rule, however, does not impose a categorical bar to evidence of other acts." *United States v. Thomas*, 897 F.3d 807, 812 (7th Cir. 2018).

Particularly relevant here, "Rule 404(b) is inapplicable where the 'bad acts' alleged are really direct evidence of an essential part of the crime charged.'" *United*

*States v. Alviar*, 573 F.3d 526, 538 (7th Cir. 2009) (quoting *United States v. Lane*, 323 F.3d 568, 579 (7th Cir. 2003)); *see also United States v. McKibbins*, 656 F.3d 707, 711 (7th Cir. 2011) ("Rule 404(b) is not concerned with direct evidence of a charged crime."). The government plans to introduce evidence of defendant's prior conviction for aggravated unlawful use of a weapon from December 2017 for purposes of proving two elements of the charged offense, namely: (1) that at the time defendant possessed the firearm, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and (2) that defendant knew he had been convicted of such an offense. The government anticipates it will offer evidence of defendant's prior felony conviction and of defendant's knowledge of his prior felony conviction through documentary evidence and through live testimony. Specifically, the government intends to introduce into evidence the certified copy of conviction for defendant's December 2017 aggravated unlawful use of a weapon charge and his change of plea hearing transcript for that conviction. That evidence will show that during defendant's change of plea hearing in his 2017 case, defendant pled guilty and after his guilty plea, he was informed by the court that "[b]y pleading guilty to this charge, it being a Class 4 felony, on this charge if you are convicted you must be sentenced to the penitentiary for a period of not less than 1 year, no more than 3 years" and that therefore he knew he was convicted of a crime punishable by more than one year.

Accordingly, because this evidence is "direct evidence of an essential part of the crime charged," Rule 404(b) is not applicable here. *Alviar*, 573 F.3d at 538 (quoting *Lane*, 323 F.3d at 579). Moreover, consistent with Federal Rule of Evidence

4

404(b)(1), the government does not intend to offer evidence of a crime, wrong, or other act for propensity purposes.

## II. MOTION TO PRECLUDE INQUIRY INTO OFFICERS'/AGENTS' NON-SUSTAINED COMPLAINTS

The government will call as witnesses at trial officers employed by law enforcement agencies, including but not limited to the Chicago Police Department. In preparation for their testimony, and in accordance with the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), the government has requested disciplinary records from the law enforcement agencies related to its witnesses, and such records may contain impeachment evidence, as that term has been defined under Supreme Court precedent. For example, an officer's personnel file may contain complaints filed against him or her related to alleged misconduct often referred to, at least with respect to the Chicago Police Department, as a "complaint register" or "CR," for short. The government contends that any evidence stemming from investigations of these complaints made against law enforcement witnesses that resulted in a manner favorable to the witness (*i.e.*, any non-sustained finding) do not constitute proper impeachment material within the meaning of *Giglio*, fall outside the scope of proper cross-examination under Federal Rule of Evidence 608, and should otherwise be excluded under Rule 403 as the probative value of such evidence is substantially outweighed by its prejudicial impact.

First, unproven and unsubstantiated allegations of misconduct are not material to that witness's credibility and therefore do not qualify as proper impeachment

5

evidence under *Brady-Giglio*. In *United States v. Dabney*, 498 F.3d 455 (7th Cir. 2007), the defendant argued that his rights under *Brady* were violated by the district court's failure to further investigate complaints pending against testifying officers or "to require the government to turn over all unsubstantiated complaint registers in its possession." *Id.* at 459. The Seventh Circuit disagreed. After rejecting the claim that the district court had an investigative obligation itself, the Seventh Circuit held that no *Brady* violation occurred because the defendant provided no support for the assertion that the "unsubstantiated complaint registers contained admissible impeachment evidence" under Rule 608(b). *Id.*; *United States v. Sanchez-Galvez*, 33 F.3d 829, 833 (7th Cir. 1994) (upholding district court ruling that previous charges against agent that resulted in acquittal were not material and the "lapse in time combined with overwhelming evidence that charges [against testifying agent] were unfounded and baseless, rendered the probative value of th[e] evidence remote").

Second, Federal Rule of Evidence 608 narrowly defines the circumstances in which references to prior acts may be admitted in an effort to impeach a witness. The rule provides, in relevant part:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness . . . .

Fed. R. Evid. 608(b). It is within the Court's discretion to permit or exclude such cross-examination because "the possibilities of abuse are substantial," and conduct "must be sufficiently relevant to truthfulness before it can be the subject of cross-

examination." *See United States v. Abair*, 746 F.3d 260, 263 (7th Cir. 2014); *United States v. Dawson*, 434 F.3d 956, 959 (7th Cir. 2006). The purpose of the prohibition of extrinsic evidence is to "prohibit things from getting too far afield – to prevent the proverbial trial within a trial." *United States v. Bynum*, 3 F.3d 769, 772 (4th Cir. 1993); *see also United States v. Werbrouck*, 589 F.2d 273, 277-78 (7th Cir. 1978) (extrinsic evidence of police board findings of misconduct properly excluded for use in impeaching former police officer). The prohibition of extrinsic evidence also bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act. "For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness." Fed. R. Evid. 608(b) advisory Committee Notes (2003 Amendments); *see also United States v. Holt*, 486 F.3d 997, 1001-02 (7th Cir. 2007). Moreover, defense counsel is not permitted to argue the inference of wrongdoing created by the mere asking of accusatory questions. *United States v. Veras*, 51 F.3d 1365, 1375 (7th Cir. 1995). Additionally, even if the impeaching information is relevant and appropriate for cross-examination under Rule 608, its probative value must still outweigh the danger of unfair prejudice, confusion of the issues, or misleading the jury, in order to be admissible. *See* Fed. R. Evid. 403.

Non-sustained complaints do not meet the requirements under Federal Rules of Evidence 608(b) and 403. These unproven allegations are, for the most part, not "probative of truthfulness or untruthfulness." Because the non-sustained allegations

were deemed to be insufficient by the investigating agency, and the officers were essentially acquitted of the alleged conduct, these allegations are not probative of anything, let alone untruthfulness. Akin to an arrest of a witness, these allegations that resulted in findings *favorable* to the officers are of no probative value. *See e.g., United States v. Saunders*, 166 F.3d 907, 919 (7th Cir. 1999) (no error in precluding cross-examination of agent on justice department report because of limited probative value); *United States v. Morrison*, 98 F.3d 619, 628 (7th Cir. 1996) (affirming district court ruling that the "mere *filing* of a complaint . . . regardless of whether the allegations in the complaint [were] true," does not meet the Federal Rule of Evidence 608(b) requirement that cross-examination be confined to conduct that is "probative of truthfulness or untruthfulness")(emphasis in original). In fact, in *United States v. Holt*, the Seventh Circuit held that an officer's *sustained* complaint for "neglect of duty" was not probative of truthfulness under Rule 608(b) and, therefore, the district court did not err in precluding cross-examination of the officers. 486 F.3d at 1002. If a sustained complaint is not relevant "because it did not bear on [the officers'] characters for truthfulness," a non-sustained complaint that does not bear on an officer's character for truthfulness must equally fail. *Id.*; *see also United States v. Hernandez*, 84 F.3d 931, 933-34 (7th Cir. 1996) (providing that district court did not err in barring cross-examination of police officer regarding past civil rights suit because it was irrelevant to officer's general credibility and could unfairly prejudice the jury); *United States v. Goodwin*, No. 02 CR 980, 2003 WL 21266681, at *1 (N.D. Ill. June 2, 2003) (Kennelly, J.) (rejecting in a post-trial motion that defendant

"should have been allowed to cross-examine Chicago Police Officer [], a government witness, regarding a complaint involving a prior arrest of another individual. The matter had no bearing on [the witness's] credibility.").

Non-sustained allegations and complaints are also inadmissible under Rule 403. Any questioning of police officers with respect to these unfounded, non-sustained complaints would be unfairly prejudicial to the officer, especially given their limited probative value, confuse the issues, and needlessly delay the proceedings. If the Court allowed questioning into non-sustained complaint allegations, the government would provide the jury with the proper context as to each non-sustained complaint on either direct or redirect examination, giving the officer an opportunity to provide an explanation as what happened in that particular complaint and provide his or her side of the story. This would extend the examination of each witness exponentially, especially with respect to officers who have been accused of misconduct on more than one occasion. This would inevitably result in the proverbial trial-within-a-trial.

Accordingly, the government requests that the Court preclude defendant's use of these allegations or reference to such non-sustained complaints at trial in any way. Such allegations are only that – allegations – and are not material to a witness' credibility. Furthermore, these allegations that end in favorable results for the officers are not probative of truthfulness, and even if they were, the prejudicial effect from their admission substantially outweighs their limited probative value.

### III.   MOTION TO PERMIT IMPEACHMENT OF DEFENDANT WITH PRIOR CONVICTION, IF HE TESTIFIES

If defendant testifies at trial, the government moves that the Court allow the government to cross examine him regarding his prior conviction pursuant to Federal Rule of Evidence 609(a) for aggravated unlawful use of a weapon in December 2017, for which he was sentenced to two years' probation. This conviction falls within Rule 609's ten-year period.

In the event defendant testifies in this case, his credibility will be a central issue at trial. Defendant may dispute that he unlawfully possessed a firearm as charged and the other witnesses' versions of events, or he may give some other explanation for why he should be acquitted. If a criminal defendant testifies at trial, the government may cross examine him on his prior felony convictions for purposes of attacking his character for truthfulness. Fed. R. Evid. 609(a)(1)(B). The jury is entitled to evaluate the credibility of defendant's testimony in light of his prior felony conviction.

Rule 609 permits the admission of evidence that a defendant has been convicted of a felony to attack his credibility if the Court determines that the probative value of the evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1)(B). The Seventh Circuit follows a five-part balancing test to determine whether the probative value of a conviction outweighs its prejudicial effect. The factors are: (i) "the impeachment value of the prior crime;" (ii) "the point in time of the conviction and the defendant's subsequent history;" (iii) "the similarity between the past crime and the charged crime;" (iv) "the importance of the defendant's

testimony; and" (v) "the centrality of the credibility issue." *United States v. Gant*, 396 F.3d 906, 909-10 (7th Cir. 2005) (citation omitted). These factors are merely a guide to the district court's exercise of its wide discretion. *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). Here, the factors weigh in favor of allowing impeachment on defendant's prior conviction.

First, the impeachment value of defendant's prior conviction is high for several reasons. As an initial matter, the Seventh Circuit has observed that *any* prior felony conviction diminishes one's credibility:

> The rationale for . . . allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime. The rationale is underinclusive, since many people who have committed a felony have not been caught or if caught have not been convicted, because of the prosecution's heavy burden of proof. Moreover, every judge is aware that many people who do not have a criminal record will lie in a trial when it is to their advantage.

*Schmude v. Tricam Indus., Inc.,* 556 F.3d 624, 627-28 (7th Cir. 2009). Additionally, defendant's status as a convicted felon will be proven as an element of the offense. Therefore, the prejudicial impact of the fact of his prior felony conviction is lower than it otherwise would be because proving defendant has a prior felony conviction is an element of the offense. While defendant's prior conviction does not on its face involve dishonesty, the first factor of the balancing test favors admissibility.

Regarding the second factor, the prior conviction is close in time to the crimes alleged in the indictment. Indeed, defendant was on probation for the conduct underlying his December 2017 aggravated unlawful use of a weapon conviction when he committed the instant offense. This bears heavily on defendant's ability to testify

11

truthfully in a court of law. His prior conviction is not remote in time and there is nothing in defendant's "subsequent history" that suggests that his December 2017 conviction is no longer relevant to his credibility today. Accordingly, this factor weighs in favor of admissibility.

The third factor of the balancing test—the similarity of the past crimes and the charged crime—generally requires "caution on the part of the district court." *See United States v. Hernandez*, 106 F.3d 737, 740 (7th Cir. 1997). Here, the prior conviction is similar to the charged offense. Nevertheless, "although the similarity of the two crimes" may increase "the risk of prejudice," the "importance of [defendant's] credibility weigh[s] in favor of admissibility." *See United States v. Toliver*, 374 F. App'x 655, 658 (7th Cir. 2010). Moreover, the Seventh Circuit has repeatedly upheld the use of prior convictions even where those convictions are similar to the charged offense. *See Rodriguez v. United States*, 286 F.3d 972, 984 (7th Cir. 2002) (use of the defendant's prior drug distribution conviction in a drug-distribution trial); *United States v. Smith*, 131 F.3d 685, 687-88 (7th Cir. 1997) (use of the defendants' prior convictions, including for robbery and armed robbery, in a bank robbery trial). To eliminate the risk of unfair prejudice, the government would propose a limiting instruction similar to Seventh Circuit Pattern Criminal Jury Instruction 3.11. Limiting instructions can sufficiently temper the risk that jurors might use the impeachment for impermissible purposes. *See United States v. Jackson*, 546 F.3d 801, 819 (7th Cir. 2008) (the limiting instruction "mitigated the prejudicial impact of the testimony concerning the conviction"); *Montgomery*, 390 F.3d at 1015-16; and *Smith*,

131 F.3d at 687 (noting that the district court gave a limiting instruction that directed the jury to consider the defendant's prior convictions only for impeachment purposes).

As to the fourth and fifth factors of the balancing test, the Court should conclude that they both support allowing the defendant's prior conviction into evidence for the limited purpose of impeaching defendant's credibility. Presumably, defendant would assert or suggest during his direct examination that he did not possess the firearm or that he did not know that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year. Additionally, defendant may challenge other witnesses' testimony regarding the events at issue. Where "conflicting accounts" are offered by defendant and the government's witnesses, the credibility of defendant becomes the central issue in the trial. *See Montgomery*, 390 F.3d 1016 (district court correctly recognized that defendant's credibility was central and impeachment with prior conviction was proper); *see also Gant*, 396 F.3d at 909-10 (given defendant's theory that he possessed a pipe, not a gun, his credibility was crucial and therefore impeachment with 8-year old conviction for drug crime was proper). The jury is entitled to have full and fair information to determine whether defendant is telling the truth, and this Court should permit the government to impeach defendant with his prior conviction. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004) (district court did not err in admitting evidence of conviction that was more than 10 years old where defendant's credibility was "a critical factor" in the case).

13

Finally, if defendant testifies and the government impeaches him with his prior conviction and defendant tries to minimize, mischaracterize, or explain away his conviction, the government should be able to inquire into the details of the prior conviction. *United States v. Douglas*, 408 F.3d 922, 929 (7th Cir. 2005). The government is aware that such an "open door is not a 'license to dwell on the details of the prior conviction and shift the focus of the current trial to the defendant's prior bad acts.'" *Id.* (quoting *United States v. Robinson*, 8 F.3d 398, 409 (7th Cir. 1993).

## IV. MOTION TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO AN ALIBI

Under the Federal Rules of Criminal Procedure, upon request by the government, a defendant is required to provide the government with notice of any alibi defense the defendant intends to raise, including any defense asserting the defendant's unavailability on or near the dates named in the indictment. Fed. R. Crim. Pro. 12.1. In a letter dated August 5, 2020, the government requested notice of an alibi defense. Defendant has not provided the government with notice of any alibi defense he intends to raise at trial. As such, the government requests that defendant be prohibited from introducing evidence or argument of such a defense at trial.

## V. MOTION TO PRECLUDE EVIDENCE AND ARGUMENT DESIGNED TO ELICIT JURY NULLIFICATION

The government moves this Court to preclude the defendant from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification. The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit defendant even if it finds that the government has met its burden of proof. *See United States v. Laguna*, 693 F.3d 727, 730-31 (7th Cir.

14

2012) (citing *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996)) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (holding that the court "may block defense attorney's attempts to serenade the jury with the siren song of nullification"); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997). Accordingly, the government respectfully requests that the Court preclude defense counsel from mentioning or arguing any form of jury nullification.

The government cannot anticipate each form of potential jury nullification argument or evidence. The government moves to exclude the potential areas noted below, all of which are irrelevant to the elements of the crime charged, as well as any argument or questioning, no matter what its form, that, in effect, would "encourage a jury to acquit "under any circumstances" regardless of the applicable law or proven facts." *See, e.g., United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983).

### 1. Motion to Preclude Argument or Evidence Concerning Potential Penalties Faced, if Convicted

The government moves the Court to preclude the defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties faced if convicted. For one, the Seventh Circuit's Pattern Criminal Jury Instructions include an optional instruction specifying, "In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has

proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment." Pattern Crim. Jury Instructions 4.08, p.76 (7th Cir. 2022). Additionally, the Seventh Circuit has stated that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored." *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (holding that while "the sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the court").

Argument and evidence concerning punishment are improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed.") (quotation omitted); *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000) (same). Mention of the potential penalties faced by defendant only would serve the improper purpose of jury nullification. *See, e.g.*, *United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial."). Accordingly, the defense should be precluded from mentioning or introducing evidence about any of the range of penalties defendant may face if convicted.

16

### 2. Motion to Preclude Allegations of Outrageous Government Conduct

The government moves to exclude evidence or argument by counsel of "outrageous government conduct." The Seventh Circuit repeatedly has held that "[o]utrageous government conduct is not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011) (citation omitted); *see also United States v. Sherman,* 268 F.3d 539, 549-550 (7th Cir. 2001); *United States v. Boyd,* 55 F.3d 239, 241-42 (7th Cir. 1995) ("[O]utrageous government conduct" is no defense to a criminal charge, and the jury thus should not be exposed to irrelevant allegations of this sort). Furthermore, this Circuit has held that the issue of government misconduct is a matter of law for determination by the court: "the issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question) (citations omitted).

Yet, there is a "tendency in criminal cases to try some person other than the defendant and some issue other than his guilt." *United States v. Griffin*, 867 F.Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id*. In the face of this tendency to interject themes of "government misconduct" into a defense strategy, courts routinely have granted motions *in limine* "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the

course of its investigation." *United States v. Shields*, No. 90 CR 1044, 1991 WL 236492, at *3 (N.D. Ill. Aug. 13, 1991); *see also United States v. Finley*, 708 F. Supp. 906, 913-14 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation").

Accordingly, the government moves to bar the defense from introducing evidence or argument of outrageous government conduct.

### 3. Motion to Preclude Argument and Evidence Regarding the Government's Motivation in Investigating and Prosecuting the Case

The government moves to preclude evidence or argument by defense counsel regarding the government's and the officers' and agents' motivations for investigating or prosecuting this case. Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus, excluded from trial. *See United States v. Johnson*, 605 F. 2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Clay*, 618 F.3d 946, 956 (8th Cir. 2010) (stating that selective prosecution "is not an issue for the jury to decide.").

Further, the government moves to preclude the defense from arguing or eliciting evidence regarding the mental states, subjective intentions, or motivations, of the investigating officers and agents. It is well settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to

18

determining the factual guilt or innocence of a defendant. *See United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

Similarly, in the event that defendant intends to advance a defense argument designed to interject issues of race into this trial, the government moves to exclude such a defense as part of this motion *in limine*. Permitting unsupported and improper argument or questioning of this nature in the presence of the jury risks irreparable prejudice and confusion of the matters at issue. Not only is there no evidentiary basis for interjecting into this trial allegations of racial animus in the investigation or prosecution of the case, but also, as noted above, the law is well settled that claims of selective prosecution are to be resolved by the court and not the jury. *United States v. Henderson*, No. 11 CR 74, 2012 WL 698796, at *1 (N.D. Ill. Mar. 1, 2012) (arguments or evidence regarding the government's motivation is "not relevant to the jury's determination of a defendant's guilt or innocence.").

### 4. Motion to Preclude a Justification Defense as to Why Defendant Possessed the Firearm

Defendant should be prohibited from asserting a justification defense at trial as it would only distract and confuse the jury from the relevant issue of whether defendant unlawfully possessed a firearm. The Seventh Circuit has recognized that "[t]he defense of necessity in a criminal case is a narrow one. To prevail, a defendant must ordinarily establish that he faced an imminent threat of serious bodily injury

or death and that he had no reasonable legal alternatives to avoid that threat." *United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010). "As applied to the case of a felon in possession of a firearm, this Court has clarified that, '[i]n practice, the defense has only [been] applied to the individual who in the heat of a dangerous moment disarms someone else, thereby possessing a gun briefly in order to prevent injury to himself.'" *Id*. (quoting *United States v. Mahalick*,498 F.3d 475, 479 (7th Cir. 2007)); *see also Perez*, 86 F.3d at 737 (stating "[t]he defense of necessity will rarely lie in a felon-in-possession case unless the ex-felon, not being engaged in criminal activity does nothing more than grab a gun with which he or another is being threatened (the other might be the possessor of the gun, threatening suicide.)")

Here, defendant cannot establish the defense of necessity. Defendant was found inside a liquor store that had been ransacked. At the time defendant was found inside the ransacked store, the store had been closed to the public. There was no imminent threat of serious bodily injury or death that defendant faced at the time he possessed the firearm. Nor are there any facts present in the instant matter that suggest that defendant disarmed or removed the firearm from another to prevent injury to himself or another individual. In fact, the firearm was found on defendant's person, inside his pants. Defendant was not momentarily in possession of the firearm in an attempt to prevent injury to himself or others. As such, defendant cannot establish a necessity defense, and therefore, he should be precluded from making such argument at trial.

**5. Motion to Preclude Argument or Evidence of Defendant's Lawful Behavior**

In an effort to distract the jury from the charges at issue, defendant may seek to admit evidence and testimony that, on prior occasions, he acted in a lawful manner. Alternatively, he may argue that because he performed good acts during his life, he could not have committed the charged offenses. But "[e]vidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment." *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012); *United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990) ("Proof that a defendant acted lawfully on other occasions is not necessarily proof that he acted lawfully on the occasion alleged in the indictment."). Therefore, any evidence or argument regarding defendant's alleged good acts is irrelevant and should be excluded.

**VI. MOTION TO PRECLUDE DISCOVERY REQUESTS OR COMMENTARY REGARDING DISCOVERY IN THE PRESENCE OF THE JURY**

The Court should preclude defendant from requesting discovery from witnesses or the government, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury. Such requests from counsel in front of the jury are inappropriate and may create the false impression that the government has suppressed information as a means of seeking an unfair advantage. *See, e.g.*, *United States v. Dochee*, 18 CR 108-4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) (granting the government's motion *in limine* to exclude comments on discovery because "commentary on discovery matters by either party in

the presence of the jury could create the impression that the opposing party is withholding information."). These requests can easily be made to the Court or the government outside the presence of the jury with no prejudice resulting to either side. Thus, the government moves to preclude any such requests in the presence of the jury.

## VII. Motion To Require Parties To Provide Notice Prior To Impeachment Under Fed. R. Evid. 608(b)

The government moves to bar the parties from introducing evidence (including by asking questions on cross examination) under Rule 608(b) except upon prior notice to the Court and the opposing party, and outside the presence of the jury.

Rule 608(b) provides that specific instances of past conduct may be inquired into on cross-examination if (and only if) they are probative of the witness's character for truthfulness. Fed. R. Evid. 608(b). By its very nature, impeachment based upon a witness's prior conduct that is not relevant to the matter at issues creates a risk of causing unfair prejudice to an opposing party. First, a party attempting to conduct such impeachment may erroneously believe that such impeachment is appropriate when it is not – the end result being that the impropriety of the impeachment is only discovered after the disparaging impeaching conduct is presented to the jury as part of an attorney's question. Second, even if some conduct may properly fall within the scope of Rule 608(b), counsel may exceed any limitations on the scope to which such matters may be addressed on cross-examination. Third, depending on the nature of the past conduct raised by the examiner, the jury may not be able to completely obey

the Court's instruction to disregard the contents of an improper question heard by the jury.

For these reasons, and to obviate any risk of unfair prejudice, the government asks that this Court exercise its discretion to preclude the parties from pursuing any impeachment under Rule 608(b) unless, outside the presence of the jury, the party has made a prior offer of proof concerning the alleged prior conduct. *See* Fed. R. Evid. 611 ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."). Further, this Court need not require that the parties divulge the alleged prior conduct prior to cross examination (thereby preserving any strategic value to the examining party); rather, the Court could require each party first notify the Court and the other parties at sidebar of its intent to impeach under Rule 608(b). This procedure would ensure that any alleged prior bad acts are not improperly communicated to the jury before the Court has the opportunity to determine whether such alleged prior bad acts are the subject of proper impeachment under Rule 608(b).

## VIII. MOTION TO PRECLUDE ARGUMENT DEFINING REASONABLE DOUBT

The government moves to preclude counsel from attempting to define reasonable doubt during any argument presented to the jury. The Seventh Circuit has clearly and consistently held that "reasonable doubt" is a term that should not be defined by the trial court or counsel. *See, e.g.*, *United States v. Hatfield*, 591 F.3d 945,

949 (7th Cir. 2010); *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of confusing "juries more than the simple words themselves"); *United States v. Bardsley*, 884 F.2d 1024, 1029 (7th Cir. 1989) (explaining that the Court was not "persuaded that" its position that juries should not be provided with a definition of the term "reasonable doubt" should be changed); *United States v. Hall*, 854 F.2d 1036 (7th Cir. 1988) (stating that "[a]n attempt to define reasonable doubt presents a risk without any real benefit"); *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (articulating that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury") (citations omitted).

In *United States v. Thompson*, 117 F.3d 1033 (7th Cir. 1997), the Seventh Circuit affirmed the district court's decision to prevent defense counsel from explaining reasonable doubt to the jury. Explaining that "[t]he law is clear in this circuit that it is improper for attorneys to attempt to define the term[,]" the Seventh Circuit noted that by preventing defense counsel's attempt to explain reasonable doubt, "[r]ather than abusing its discretion, the district court heeded our express command." *Id*. at 1035; *see also United States v. Alex Janows & Co.*, 2 F.3d 716, 722-23 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury."). Indeed, as noted in the 2022 update to the pattern jury instructions for the Seventh Circuit, "[t]he Seventh Circuit has repeatedly held that it is inappropriate for the trial judge to attempt to define 'reasonable doubt' for the

jury." Committee Comment to 2022 update to the Seventh Circuit Pattern Jury Instruction 1.04 (internal citations omitted).

### IX. MOTION FOR ORDER TO U.S. MARSHALS SERVICE REGARDING FIREARM IN COURT

At trial, the government intends to bring the firearm that the defendant is charged with possessing into court to display to witnesses and the jury. As part of its standard protocol, the United States Marshals Service has requested that the Court issue an order permitting that the firearm to be brought into the courthouse and that the Court's order include language stating that "The firearm shall be rendered safe, inoperable, and unable to discharge. The United States Marshals Service may impose any restriction to ensure that the firearms are rendered safe." A proposed order is submitted with this motion.

### CONCLUSION

For the reasons set forth above, the government respectfully asks the Court to grant its motions *in limine*.

Respectfully submitted,

PASQUAL MORRIS
Acting United States Attorney

By:     */s/Anne Yonover*
          JASMINA VAJZOVIC
          ANNE L. YONOVER
          Assistant United States Attorneys
          219 South Dearborn Street
          Chicago, Illinois 60604
          (312) 886-2038

25